**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5254-16T3

DION BATTLE,

     Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

     Respondent.

_____

> Submitted October 3, 2018 - Decided October 11, 2018
>
> Before Judges Ostrer and Mayer.
>
> On appeal from the New Jersey State Parole Board.
>
> Dion Battle, appellant pro se.
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

     Appellant Dion Battle appeals from a May 31, 2017 final agency decision of the New Jersey State Parole Board (Board).  Battle alleges the Board failed

to consider all relevant evidence when it denied his parole and imposed a sixteen-month future eligibility term (FET).  We disagree and affirm.

On May 29, 2009, Battle and another individual robbed a deli located in Trenton, New Jersey.  Battle was indicted on charges of robbery, unlawful possession of a weapon, and possession of a weapon for unlawful purpose.  He eventually pleaded guilty to the first degree robbery charge, N.J.S.A. 2C:15-1, and was sentenced to a six-year prison term with an eighty-five percent parole ineligibility subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.  In addition, the sentencing court imposed a five-year term of parole supervision upon Battle's release from prison.

Battle was denied parole for the first time on August 8, 2015, resulting in a sixteen-month FET.  He became eligible for parole a second time on January 29, 2017.

In September 2016, Battle's case was referred to a two-member Board panel for a hearing.  On December 6, 2016, the Board panel again denied Battle's parole and imposed a sixteen-month FET.  The Board panel denied parole for the following reasons:  extensive record of prior offenses;  record of repetitive offenses;  failure to deter criminal behavior despite juvenile community supervision; technical violations during prior community supervision;  prior

incarcerations failed to deter criminal behavior; multiple institutional infractions; additional institutional infractions subsequent to the first parole denial; and insufficient problem resolution. The panel concluded that Battle "continues to act in a way consistent with his criminal thinking in a way that puts all around him in danger." Additionally, the panel found Battle lacked an adequate parole plan and noted Battle's risk assessment score indicated a medium risk of recidivism.

The Board panel also considered various mitigating factors in its parole determination. The panel noted Battle participated in behavioral and institutional programs, which reported a favorable institutional adjustment. Battle also demonstrated a positive adjustment to TC program/Assessment Center/RCRP and achieved minimum custody status. Despite these mitigating factors, the Board panel rejected battle's request for parole.

Battle filed an administrative appeal, and the matter was reviewed by the full Board on May 31, 2017. After considering the administrative record, the full Board affirmed the panel's decision, denying parole and establishing a sixteen-month FET.

On appeal, Battle argues:

> THE [BOARD] FINDINGS AND CONCLUSIONS TO
> DENY APPELLANT RELEASE ON PAROLE AND

A-5254-16T3

IMPOSE AN EXCESSIVE (FET) UPON HIM WAS
CONTRARY TO THE MATERIAL FACTS.

Under our standard of review, we accord considerable deference to the Board and its expertise in parole matters. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 25 (1998) (Trantino IV) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Trantino v. N.J. State Parole Bd., 166 N.J. 113, 201 (2001) (Trantino V) (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10 (1979)). The Board's decision regarding parole will not be disturbed unless "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (citation omitted). With respect to the Board's factual findings, we do not disturb them if they "could reasonably have been reached on sufficient credible evidence in the whole record." Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004) (citing Trantino V, 166 N.J. at 201).

In reviewing Battle's application for parole, the Board considered the following: his extensive and repetitive prior criminal record; that prior opportunities on probation and parole failed to deter his criminal behavior; that

4

prior opportunities on probation and parole were revoked for technical violations, including use of CDS; his institutional infractions; that prior incarcerations did not deter his criminal behavior; and the lack of an adequate parole plan for reintegration into the community. Additionally, the Board found Battle exhibited insufficient problem resolution, particularly substance abuse issues, and that his continued behavior "puts all around him in danger." The Board also took into account Battle's risk assessment evaluation. The Board noted the same mitigating factors as the Board panel. Based on the foregoing, the Board concluded, "a preponderance of the evidence indicates there is a reasonable expectation that [Battle] will violate conditions of parole if released on parole."

Applying our well-established standard of review and considering the record, we affirm the Board's decision. The Board considered the relevant factors in accordance with N.J.A.C. 10A:71-3.11 in determining that Battle is substantially likely to commit another crime if released at this time.[1] We shall not second-guess the Board's conclusion that the negative factors outweighed the positive, justifying denial of parole. We also are satisfied that the sixteen-

---

[1] Although we cannot disclose the contents of the confidential parole mental health evaluation, we note it supports the Board's decision.

month FET was not arbitrary, capricious, nor unreasonable.  See McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 565 (App. Div. 2002).  The Board's determination is supported by sufficient credible evidence and is entitled to deference.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5254-16T3